UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAISAL G. KHALAF, Ph.D.,

    Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,
BENNIE FOWLER and
JAY ZHOU, jointly and severally,

    Defendants.

Case No: 2015-CV-12604

Hon. Marianne O. Battani

Magistrate Judge
Stephanie Dawkins Davis

_____/

STERLING ATTORNEYS AT LAW
Carol A. Laughbaum (P41711)
Raymond J. Sterling (P34456)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway
Suite 250
Bloomfield Hills, Michigan 48304
(248) 644-1500
claughbaum@sterlingattorneys.com
rsterling@sterlingattorneys.com

KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.
Elizabeth P. Hardy (P37426)
William B. Forrest III (P60311)
Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, Michigan 48009
(248) 645-0000
ehardy@khvpf.com
wforrest@khvpf.com
tdavis@khvpf.com

_____/

**Defendants' Motion for (1) Stay of Enforcement of Judgment Pending Appeal Without Bond, or in the Alternative Approval of Supersedeas Bond Amount; and (2) Expedited Request for Stay Pending Review of this Motion**

Defendants Ford Motor Company ("Ford"), Bennie Fowler, and Jay Zhou, by their undersigned counsel, move for a stay of enforcement of the judgment pending appeal, without the need to file an appeal bond, alternatively for approval of a supersedeas bond amount, and a stay while this motion is pending. In support of their motion, Defendants state as follows:

1. Defendants rely on the accompanying brief and exhibits in support of their motion.

2. Defendants' counsel emailed opposing counsel regarding the relief sought in this motion and requested concurrence. Plaintiff's counsel withheld consent as to both the substantive relief *and* the request for a temporary stay while the motion was pending, necessitating the filing of this motion.

WHEREFORE, Defendants request that the Court grant this motion and stay enforcement of the judgment without the need for a bond and stay enforcement while the Court adjudicates this motion. In the alternative, if the Court does not permit a stay without a bond, the Court should either (1) stay enforcement of the judgment until 30 days after the Court has determined the final amount of that judgment and rate of interest (if any); or (2) approve a bond for 110% of the current judgment amount plus the already-taxed costs, *see* Mich. Ct. R. 7.209(E)(2)(a).

        KIENBAUM HARDY VIVIANO
        PELTON & FORREST, P.L.C.

        By: /s/*Thomas J. Davis*
            Elizabeth P. Hardy (P37426)
            William B. Forrest III (P60311)
            Thomas J. Davis (P78626)
        Attorneys for Defendants
        280 N. Old Woodward Avenue, Suite 400
        Birmingham, MI 48009
        (248) 645-0000

Date: April 26, 2019        tdavis@khvpf.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAISAL G. KHALAF, Ph.D.,

    Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,
BENNIE FOWLER and
JAY ZHOU, jointly and severally,

    Defendants.

Case No: 2015-CV-12604

Hon. Marianne O. Battani

Magistrate Judge
Stephanie Dawkins Davis

STERLING ATTORNEYS AT LAW
Carol A. Laughbaum (P41711)
Raymond J. Sterling (P34456)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway
Suite 250
Bloomfield Hills, Michigan 48304
(248) 644-1500
claughbaum@sterlingattorneys.com
rsterling@sterlingattorneys.com

KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.
Elizabeth P. Hardy (P37426)
William B. Forrest III (P60311)
Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, Michigan 48009
(248) 645-0000
ehardy@khvpf.com
wforrest@khvpf.com
tdavis@khvpf.com

**Defendants' Brief in Support of Motion for (1) Stay of Enforcement of Judgment Pending Appeal Without Bond, or in the Alternative Approval of Supersedeas Bond Amount; and (2) Expedited Request for Stay Pending Review of this Motion**

**Controlling or Relevant Authorities**

**Cases**

*Arban v. W. Pub. Corp.*,
　345 F.3d 390 (6th Cir. 2003) ............................................................................. 1, 2

*Contract Design Grp., Inc. v. Wayne State Univ.*,
　2014 WL 5360055 (E.D. Mich. Oct. 20, 2014) ..................................................... 1

*Olympia Equip. Leasing Co. v. Western Union Tel. Co.*,
　786 F.2d 794 (7th Cir. 1986) .................................................................................. 1

**Rules**

Fed. R. App. P. 39(e)(3) ................................................................................................ 2

Fed. R. Civ. P. 62(b) ..................................................................................................... 1

Mich. Ct. R. 7.209(E)(2)(a) .......................................................................................... 3

**Argument**

On March 28, 2019, Plaintiffs appealed the judgment in this case. (R. 119). Defendants cross-appealed on April 25, 2019. (R. 122.) This Court should stay enforcement of the judgment pending the parties' appeals, without requiring Defendants to post a supersedeas bond.

A party is entitled to a stay of judgment pending appeal as a matter of right, upon posting a bond or other security. *See* Fed. R. Civ. P. 62(b). However, that "Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." *Arban v. W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). In *Arban*—like this case, a single-plaintiff employment matter—the Sixth Circuit explained that an "inflexible requirement of a bond would be inappropriate" when "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Id.* (quoting *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). There, the Sixth Circuit affirmed the district court's ruling that a bond would be inappropriate based on *counsel*'s *representation* that "the revenues of the group of which [Defendant wa]s a part [were] approximately 2.5 billion"—more than adequate to satisfy the $225,000 judgment. *Id.*; *see also, e.g.*, *Contract Design Grp., Inc. v. Wayne State Univ.*, 2014 WL 5360055, at *3 (E.D. Mich. Oct. 20, 2014) (granting stay without bond where defendant Wayne State attested to availability of $183 million in available funds to pay a $550,000 judgment if affirmed on appeal).

Defendants will obtain a stay of judgment via bond if necessary, but they should not be required to do so. Here, there is even less need than in *Arban* to incur the cost of obtaining a bond. Ford's ability to pay the $2.1 million judgment is indisputable; its revenues in 2018 alone—a matter of public record, given its status as a publicly traded company—were in excess of *$160*

billion.[1] *See* Ex. A, Decl. of Emily Frascaroli ¶ 2 & Decl. Ex. 1 (Ford Motor Company Earnings Release, Q4 2018). There are only a handful of American companies with greater annual revenues than Ford. *See* http://fortune.com/fortune500/ (May 2018 list). And Ford is liable for the entirety of the verdict (whereas Defendants Fowler and Zhou are not, *see* R. 96), meaning there is no risk that Plaintiff's judgment would not be satisfied if the appeal is unsuccessful. Ford obviously can and will pay the full judgment, including court-ordered costs, fees, and interest, if it is ultimately affirmed. Ex. A, ¶¶ 2-3. Thus, "[i]n light of the vast disparity between the amount of the judgment in this case and the annual revenue of" Ford, no bond should be required. *Arban*, 345 F.3d at 409.

Plaintiff, nevertheless, has withheld consent from this motion under Local Rule 7.1—despite filing an appeal *himself*, and despite having been fully appraised of the directly-on-point *Arban* decision. Plaintiff's refusal to consent to this motion is inexplicable given that, if Defendants prevail on appeal, Plaintiff will be liable to pay any bond premiums that Ford incurs as a taxable cost. *See* Fed. R. App. P. 39(e)(3) (providing that taxable costs on appeal include "premiums paid for a bond or other security to preserve rights pending appeal"). Assuming a 2% bond premium, these costs would exceed $40,000.

In short, there can be no serious question that Defendants have the ability to pay this judgment. In light of *Arban*, there is no reason to require them to obtain an appeal bond. The Court should thus stay enforcement of the judgment pending resolution of the appeals without bond.

If the Court declines a stay without bond, it should at a minimum stay execution until 30 days after the final amount of the judgment is determined, as Plaintiff's contested fee motion remains pending. Alternatively, consistent with the similar requirement under Michigan law, the

---

[1] The *Arban* defendant's revenues of $2.5 billion were approximately 11,000 times higher than the $225,000 judgment. Here, Ford's 2018 revenues of $160 billion are approximately 76,000 times higher than the $2.1 million judgment.

Court should approve a supersedeas bond under Rule 62 in the amount of "110% of the judgment or order being enforced, including any costs, interest, attorney fees, and sanctions <u>assessed to the date</u> of filing the bond," Mich. Ct. R. 7.209(E)(2)(a) (emphasis added). That amount would be $2,318,833.33 (one hundred ten percent of $2,108,030.30—the $2.1 million modified verdict amount (R. 96, R. 115) plus $8,030.30 in taxed costs (R. 116)). Defendants will immediately post a bond of that amount (or another amount that the Court directs will be sufficient) if the Court requires a bond.

Finally, the Court should stay the execution of judgment while this motion is being adjudicated; despite Plaintiff's failure to consent to even the temporary stay, his counsel affirmed during the meet-and-confer correspondence that Plaintiff "has no intention at this time of executing on the" judgment. A stay would thus be appropriate to permit the Court adequate time to adjudicate this motion.

                                      Respectfully submitted,

                                      KIENBAUM HARDY VIVIANO
                                       PELTON & FORREST, P.L.C.

                                  By:  /s/*Thomas J. Davis*
                                       Elizabeth P. Hardy (P37426)
                                       William B. Forrest III (P60311)
                                       Thomas J. Davis (P78626)
                                  Attorneys for Defendants
                                  280 N. Old Woodward Avenue, Suite 400
                                  Birmingham, MI  48009
                                  (248) 645-0000
Date: April 26, 2019                tdavis@khvpf.com

**Certificate of Service**

      I hereby certify that on April 26, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

/s/*Thomas J. Davis*
Kienbaum Hardy Viviano
 Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com
(P78626)

328854