UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAISAL G. KHALAF, Ph.D.,

      Plaintiff,

                              Case No: 2015-CV-12604

v.

                              Hon. Marianne O. Battani

FORD MOTOR COMPANY,
a Delaware corporation,
BENNIE FOWLER and                      Magistrate Judge
JAY ZHOU, jointly and severally,       Stephanie Dawkins Davis

      Defendants.

/

| | |
|---|---|
| STERLING ATTORNEYS AT LAW | KIENBAUM HARDY VIVIANO |
| Carol A. Laughbaum (P41711) |  PELTON & FORREST, P.L.C. |
| Raymond J. Sterling (P34456) | Elizabeth P. Hardy (P37426) |
| Attorneys for Plaintiff | William B. Forrest III (P60311) |
| 33 Bloomfield Hills Parkway | Thomas J. Davis (P78626) |
| Suite 250 | Attorneys for Defendants |
| Bloomfield Hills, Michigan 48304 | 280 N. Old Woodward Ave., Suite 400 |
| (248) 644-1500 | Birmingham, Michigan 48009 |
| claughbaum@sterlingattorneys.com | (248) 645-0000 |
| rsterling@sterlingattorneys.com | ehardy@khvpf.com |
| | wforrest@khvpf.com |
| | tdavis@khvpf.com |

/

**Defendants' Reply in Support of Motion for Stay of Enforcement of Judgment Pending Appeal Without Bond, or in the Alternative Approval of Supersedeas Bond Amount**

## Controlling or Relevant Authorities

**Cases**

*Arban v West Pub. Corp.*,
  345 F3d 390 (6th Cir. 2003) ................................................................. 1

*Lerman v. Flynt Distrib. Co.*,
  789 F.2d 164 (2d Cir. 1986) ................................................................. 3

*Republic Tobacco Co. v. N. Atl. Trading Co.*,
  481 F.3d 442 (7th Cir. 2007) ............................................................... 2

*U.S. ex rel. Gonter v. Gen. Dynamics Marine Sys. Div. Elec. Boat*,
  2006 WL 3783140 (N.D. Ohio Dec. 21, 2006) ..................................... 2

*Verhoff v. Time Warner Cable, Inc.*,
  2007 WL 4303743 (N.D. Ohio Dec. 10, 2007) ..................................... 2

**Rules**

Mich. Ct. R. 7.209(E)(2)(a) ................................................................... 4

## Argument

A.     **Plaintiff has not meaningfully contested that Ford has the ability to pay the judgment *and* has promised to do so, and thus no bond should be required.**

The Sixth Circuit, in *Arban v West Pub. Corp.*, 345 F3d 390, 409 (6th Cir. 2003), held that a Court was within its discretion to stay a judgment without a bond when "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Id.* In that case, the representation of counsel alone as to West's revenues, as compared to the judgment, was sufficient for the no-bond stay. *Id.* Here, Ford went further, providing a declaration from its Managing Counsel (1) setting forth Ford's most recent annual revenues (which were approximately 76,000 times higher than the $2.1 million judgment); (2) explaining that Ford routinely disburses the appropriate funds to pay judgments when required; and (3) promising to pay the full judgment amount—including costs, attorney's fees, and interest—if the Court's judgment is affirmed. *See* R. 124-1, Decl. of Emily Frascaroli.

Plaintiff does not seriously dispute Ford's ability to pay the bond, citing without explanation a six-month old CNBC article that relates to stock analyst complaints about Ford's stock price. *See* Pl's Opp. 1. But that article—which Plaintiff apparently cited based on the headline alone—does not remotely suggest that Ford will be unable to pay a $2.1 million judgment in the nine-to-twelve months that an appeal will likely take. *See* Ex. A (November 30, 2018 CNBC Article) ("Ford remains a profitable company with an iconic brand and a solid footing in some of the fastest-growing automotive segments."). And even Plaintiff's use of that article borders on disingenuous, given what CNBC reports *this month* on the same topic.[1]

---

[1] *See, e.g.*, Ex. B (May 6, 2019 CNBC article) ("Ford Motor's stock is in the early innings of a multi-year comeback, thanks to its turnaround plan that's showing signs of success" and "Six months ago, analysts worried about Ford's dividend and future. The company has put those worries to rest, Cramer said."); Ex. C (May 10, 2019 CNBC Article) ("Ford shares rose Friday after Bank

Plaintiff cites authority to suggest that *Arban* does not mean that Ford is *automatically* entitled to a stay, but only that the issue is still within the Court's discretion. But Ford did not argue otherwise. And she cites a number of non-binding cases, many of which pre-date or do not analyze the published Sixth Circuit decision in *Arban*, or rely on specific circumstances not present here that gave the court reason to deny a no-bond stay. *See U.S. ex rel. Gonter v. Gen. Dynamics Marine Sys. Div. Elec. Boat*, 2006 WL 3783140, at *3 (N.D. Ohio Dec. 21, 2006) (observing that some 60% of the judgment was *uncontested*, but held that if the defendant paid the uncontested portion, it would grant a stay without bond for the remainder); *Verhoff v. Time Warner Cable, Inc.*, 2007 WL 4303743, at *3 (N.D. Ohio Dec. 10, 2007) (finding that the defendant had recently acquired a company going through Chapter 11 bankruptcy, which was not reflected in the prior years' financial reports.) And while Plaintiff claims that the Court should look to "additional factors," he does not explain how those factors apply here.

Plaintiff also claims a last-second "willingness" to discuss options besides a supersedeas bond, without further explanation, but those options are not options at all. Irrevocable letters of credit are, in essence, an alternative form of bond, and like a bond require a cost to the obtaining party. *See Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 450 (7th Cir. 2007). And while some Courts of Appeals have found that the costs of a letter of credit issued to obtain a stay of appeal are taxable costs under FRAP 39(e), *see id.*, the Sixth Circuit does not appear to have so ruled, meaning that Plaintiff would put Ford at risk of having no protection of its own if it prevails on appeal. Likewise, it would not be "cost-free" for Ford to obtain an outside insurance policy to cover the bond amount, or to simply deposit money with the Court (as Ford would suffer the

---

of America Merrill Lynch upgraded the equity to buy from neutral. The brokerage highlighted Ford's favorable profit outlook, the result of what's expected to be a strong utility vehicle and truck lineup over the next few years and a major restructuring at the automaker.").

opportunity cost of not being able to invest that money elsewhere). And Ford's ability to recover those costs if it prevails on appeal seem even less likely than the costs of a letter of credit, given that Fed. R. App. P 39(e)(3) applies to "premiums paid for a bond or other security to preserve rights pending appeal," and insurance policies and lost interest are not a "bond" or other "security." *See Lerman v. Flynt Distrib. Co.*, 789 F.2d 164, 166 (2d Cir. 1986) (rejecting prevailing appellant's attempt to recover, as appellate costs, the interest loss it suffered by not being able to invest the money it used to secure the appeal bond).

Ultimately, it is clear that Plaintiff wants to obtain his judgment, but does not want to take the risk of having to pay Ford's considerable bond premiums if he loses on appeal. Ford has provided a fair and equitable way to do that: it has offered uncontested evidence of its ability to pay, explained that it routinely pays its settlements and judgments, and promises to do so here. And if Ford does not have to post a bond, it will have no bond costs to tax to Plaintiff if it prevails on appeal, assuaging Plaintiff's concern. There is no realistic risk to Plaintiff whatsoever that the judgment would not be paid. The Court should grant a stay without a bond.

**B.** **Plaintiff does not contest Ford's request to continue to stay execution for 30 days after the still-pending attorney fee motion is decided, and the Court should either do that, or else approve a bond in the amount of 110% of the judgment.**

Ford, in its motion and brief, requested that if the Court did not issue a stay without the need for a bond, it should "at a minimum stay execution until 30 days after the final amount of the judgment is determined, as Plaintiff's contested fee motion remains pending." Plaintiff's response does not address this request, and acknowledges that the fee amount remains pending. *See generally* Opp. Br. The Court should thus simply grant this uncontested request, continue the stay, resolve the fee petition issue, and set a supersedeas bond amount at that time.

-3-

Alternatively, the Court should allow a supersedeas bond in the amount Defendants requested—"110% of the judgment or order being enforced, including any costs, interest, attorney fees, and sanctions <u>assessed to the date</u> of filing the bond," Mich. Ct. R. 7.209(E)(2)(a) (emphasis added), which is $2,318,833.33. Plaintiff's only response to this request is a perfunctory statement that such bonds are "historically" 125% of the judgment, but his only support for this are two unpublished Ohio cases that do not contain any such legal holding. Defendants' 110% request is consistent with Michigan law, is being applied to a judgment in a lawsuit that included Michigan-law claims, and would be appropriate for the Court to order if (1) the Court requires a bond at all, and (2) the Court requires a bond before the attorney-fee petition is adjudicated.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.

By:  /s/*Thomas J. Davis*
　　Elizabeth P. Hardy (P37426)
　　William B. Forrest III (P60311)
　　Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com

Date: May 17, 2019

-4-

**Certificate of Service**

I hereby certify that on May 17, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

/s/ *Thomas J. Davis*
Kienbaum Hardy Viviano
 Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com
(P78626)

330471

-5-