UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAISAL G. KHALAF,

        Plaintiff,

v.

FORD MOTOR COMPANY, et al.,

        Defendants.

_____/

CASE NO. 15-12604

HON. MARIANNE O. BATTANI

### ORDER GRANTING STAY OF JUDGMENT PENDING APPEAL WITHOUT BOND

Defendants Ford Motor Company ("Ford"), Bennie Fowler, and Jay Zhou filed a motion for stay of enforcement of the judgment pending appeal without filing an appeal bond or, in the alternative, seek approval of supersedeas bond amount (ECF No. 124).

Plaintiffs appealed the judgment in this case on March 28, 2019. Defendants ask the Court to stay execution of the judgment without a supersedeas bond.

Under Rule 62(b) of the Federal Rules of Civil Procedures, which took effect on December 1, 2018, "a party may obtain a stay by providing a bond or other security." The Rule governs the circumstances by which a party is entitled to a stay as a matter of right. The Rule does not address a discretionary stay granted by the court. Arban v. W. Publ'g Corp., 345 F.3d 390, 409 (6th Cir. 2003). Defendants assert that a bond is not required in this case under Arban because Ford's ability to pay the judgment is apparent and the cost of the bond would be a waste of money. Id. (citation omitted). Specifically, Ford contends that its ability to pay a $2.1 million judgment is obvious given its revenues in 2018 alone–in excess of $160 billion. (ECF 124, Ex. A, Decl of Emily Frascaroli, Managing Counsel, Ford Motor Company, ¶ 2). Because Ford is liable for the entirety of

the verdict, there is no risk that Plaintiff will not receive the judgment if the judgment is affirmed.

Plaintiff asserts that the Court should consider other options such as depositing the judgment amount plus costs/interest with the Court or posting an irrevocable letter of credit. The case law cited by Plaintiff to support his position is neither dispositve nor persuasive. Arban is controlling law. Moreover, the Sixth Circuit has never established a specific test to be followed by the district court in exercising its discretion.

The Court finds that Ford has the ability to pay the judgment. Moreover, the Declaration provided by Ford, attests that Ford will pay the full judgment should it be affirmed, including that portion of Ford's liability that is joint and several with Fowler and Zhou, as well as costs, attorney fees, and interest ordered by the Court. (ECF No. 127, Ex. A ¶ 3). Further, Ford has explained that it routinely pays its settlements and judgments and promises to do so in this case. (ECF No. 127, Ex. A ¶ 2). The Court, after reviewing all of the circumstances at play here, agrees that requiring Defendants to post a bond would be a waste of money.

Therefore, the Court **GRANTS** the stay pending resolution of the motion on the merits.

**IT IS SO ORDERED.**

Date: June 6, 2019                                s/Marianne O. Battani
                                                  MARIANNE O. BATTANI
                                                  United States District Judge